## City of Mineral Wells v. Laura E. Russell

### Decided October 25, 1902.

**1.—Nuisance—Abatement—Cost of Removal.**

Plaintiff was entitled to recover the reasonable costs of removing sewerage from her land where the evidence showed that it remained there at the time of trial, and that it was reasonably necessary to remove it in order to abate the nuisance.

**2.—Same—Pleading—Future Damages—Rental Value.**

An allegation in plaintiff's petition in an action of damages for a nuisance in depositing sewerage on her land which charged that the land would be unfit for use until such deposit was removed, and that unless the deposit be removed the land could not be cultivated for the succeeding year, and plaintiff would lose the rental value of the land for that year, stating such value, was not a specific and certain averment that the rental value of the land for the succeeding year was destroyed, such as would authorize a recovery therefor.

Appeal from the District Court of Palo Pinto County. Tried below before Hon. W. J. Oxford.

*E. B. Richie* and *W. P. Gibbs & Son,* for appellant.

*J. C. Kearby* and *Albert Stephenson,* for appellee.

CONNER, Chief Justice.—This is an appeal from a judgment in appellee's favor for damages arising out of the construction and operation of the sewerage system of the city of Mineral Wells. It was alleged that thereby effete and offensive matter was deposited on and about plaintiff's premises, creating a nuisance which rendered her farm uninhabitable, etc., alleging special damages not necessary to here notice. The trial was had upon December 27, 1901, and resulted in a verdict and judgment for appellee as follows: "$210 for loss of rent for the year 1901; $210 for loss of rent for 1902; $25 for repair of fence; $25 for repairing house, and $130 as cost for removing or abating odors or deposits on her premises."

It is conceded in behalf of appellant that, with the exceptions hereinafter noted, the pleadings and evidence fully sustain the verdict, and we so find. Appellant contests only the items allowed for rent for the year

1902 in the sum of $210, and the cost of removing deposits on the premises involved in the sum of $130.

We think the allegations and proof sufficient to sustain the item of $130 as the reasonable cost of removing the deposits on appellee's premises which constituted the nuisance complained of. It being shown that offensive deposits, as there was evidence tending to show, remained upon appellee's premises at the date of the trial, and that it was reasonably necessary to remove the same in abatement of the nuisance, as there was also evidence tending to show, it could not be said, as insisted in behalf of appellant, that the damage as to this item was accruable in the future and therefore not recoverable. See City of San Antonio v. Mackey, 14 Texas Civ. App., 210, 36 S. W. Rep., 760, and authorities there cited.

Nor are we willing to say that no state of case could be alleged or proven that would authorize recovery for rental value of a year succeeding the date of trial. We see no reason why, if at the time of the trial the nuisance be such as that its effect could not be immediately removed or abated, and that it reasonably resulted in the loss of the rental value for the succeeding year, recovery might not be had therefor. Such damage would not be within the rule which forbids allowance for damage in case of an abatable nuisance arising in future, for it is a well established rule that all of the consequences reasonably and naturally flowing from a completed wrongful act well pleaded and proven may be considered. We need not, however, discuss this matter, inasmuch as we are of opinion that the appellee has no sufficient basis in her pleading to sustain the item of $210 for loss of rent for the year 1902. The petition, after setting out the character and manner of the operation of the sewer in question and the extent of the nuisance created thereby, has the following further allegation: "Plaintiff further charges that said lands will be absolutely unfit for use, even should said nuisance be abated and the use of said sewer enjoined and restrained, until the said excrescence and deposits shall have been removed from said premises. That to remove the same will cost this plaintiff the sum of $500. That unless said excrescences and deposits be removed, said land can not be cultivated or used for the years 1902 and 1903. That the rental value of said lands for said years 1902 and 1903 are and will be the same as for the year 1901, to wit, the sum of $470 per annum, for the cultivated and pasture lands."

This clause of the petition was excepted to and constitutes the substantial if not the only allegation upon which a recovery for the rent for 1902 can be had. It is true that in a succeeding clause plaintiff further alleges that the sewer in question had been subsequently extended across her land and permitted to empty itself "about thirty steps from her said lands immediately south of plaintiff's house; that this will be an intolerable nuisance and the conditions surrounding plaintiff's lands will be for the year of 1902 as offensive and unbearable as they were for the years 1900 and 1901, and plaintiff's land thereby rendered uninhabitable and of no value."

But this latter clause we construe as referring to the case sought to be

made for relief by injunction, which was granted by the court, and not a basis, or intended by the pleader as the basis, for the recovery for loss of rent. We think it quite apparent that there is no specific, certain averment, as is required by the rules of pleading, that the rental value of appellee's farm for the year 1902 was destroyed. The substance of the allegation is that it will be so destroyed "*unless said excrescences and deposits be removed.*" In legal effect this can be no more than an averment of the reasonable necessity for the removal of the deposits, and plainly implies that the converse of the proposition alleged will be true, to wit, that should the deposits be removed, the land involved could be rented for the years 1902 and 1903, it being nowhere alleged that any considerable time will be required for removal. The evidence can not be looked to in amplification of the pleadings, and, as alleged, it is manifest that appellee was not entitled to both items.

We therefore conclude that the judgment below should be reversed and the cause remanded, unless appellee shall within twenty days duly file remittitur of the said sum of $210 for the rent for the year of 1902, in which event the judgment will in other respects be affirmed, with the costs of appeal taxed against appellee.

*Affirmed upon remittitur.*